H. B. Smith, et al. v. Edith Stewart, et al.

[Abstract Kentucky Law Reporter, Vol. 7—287.]

**Compromise as to Boundary Lines.**

> Courts of equity will favor and enforce compromise agreements as to boundary lines between landowners when such agreements are

45

shown to have been made and are binding on both parties; but such courts will not enforce them where a mere verbal agreement establishing a division line is alleged for the first time after nine years and after one of the parties is dead, and when for the first time the offer is made to comply with such agreement, especially where it does not clearly appear that such agreement was made and acted upon by either party.

## APPEAL FROM CARTER CIRCUIT COURT.

### October 24, 1885.

OPINION BY JUDGE LEWIS:

This action was brought originally for the division of a tract of one thousand twenty-six and three-fourths acres of land among the heirs at law of James Stewart, who died about 1868. But appellants, upon their petitions, without objection, were made parties and set up claim to one hundred thirty-eight and one-half acres of the tract, alleged by them to be covered by a patent issued to the heirs of Alexander Brown.

In their petition, made an answer, appellants state that in order to avoid litigation they made a compromise agreement in November, 1867, with James Stewart, the substance of which, as is alleged and testified to by witnesses introduced by them, was that in consideration of $25 to be paid by them, being the estimated amount of taxes previously paid on the disputed land by him, he, Stewart, would let the division line between the two tracts be the line as run according to the call of a deed from Apperson, who claimed under Brown to Cohern, the vendor of appellants, whereby the one hundred thirty-eight and one-half acres in dispute would be included in the patent boundary and excluded from the tract claimed by Stewart.

The alleged compromise agreement, which was verbal, is the main ground relied on by appellants in their pleading to recover the land in dispute. In fact, as the record stands, it is the only ground upon which they can recover, if at all, for James Stewart had the actual possession of the tract of one thousand twenty-six and three-fourths acres as early as 1832, and in 1853 the boundary which covered the land in dispute was marked, and thereafter he had the possession and claimed it to the boundary so defined continuously up to his death in 1868; and afterwards it continued to be so held and claimed

by his heirs until March, 1877, when appellants became parties to this action.

Appellees deny the agreement was ever made, and introduce witnesses whose evidence tends to sustain them. Besides, neither party to the agreement, if it was ever made, seemed to have acted on or abided by it.   On the contrary, James Stewart, while he lived, and his heirs after he died, continued to claim and exercise acts of ownership on the land in dispute in the same manner subsequent as had been done previous to the agreement, while appellants not only failed to pay the $25, but never set up claim to the one hundred thirty-eight and one-half acres in virtue of the agreement, nor contested the right of Stewart or his heirs to the possession and ownership until they filed their petition in this case, ten years after they say the division line was agreed on.

Courts of equity are inclined to favor and enforce such compromise agreements when they satisfactorily appear to have been made and to be binding on both parties, because they tend to prevent litigation.   But it seems to us that a mere verbal agreement establishing a division line and therby determining the right to real estate should not be enforced upon the application of a party who nine years after the death of the other party for the first time offers to comply with his part of it, and sets up claim to land under it, especially when it does not clearly appear that it was made and acted on by either party.   An unusual and unexplained delay of a party relying on such an agreement in performing his part, and seeking an enforcement against the other party, should be held a strong presumption against the existence of it when denied, and even if proved, as evidence of an agreement or rescission of it by the parties.

We have not passed on the ruling of the lower court upon exceptions to depositions, because even if all the evidence offered by appellants tending to show the agreement was made be considered, it would not be sufficient to authorize the enforcement of it, after such long disregard of it by appellants themselves, and such long continued acquiescence in the open repudiation of it by James Stewart and his heirs at law.

Judgment *affirmed.*

*W. C. Ireland, E. F. Dulin & Wm. Bowling, for appellants.*
*Edward W. Hines, for appellees.*